NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1224

S.B.

vs.

L.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a District Court judge's order terminating an abuse prevention order (209A order).  See G. L. c. 209A, § 3.  She argues that the motion judge erred in terminating the 209A order because the defendant failed to demonstrate a significant change in circumstances, and because the motion judge failed to make findings of fact on the record. Where the motion judge did not make findings of fact as required by our precedent and the trial court's guidelines, we remanded to the District Court for factual findings and retained

jurisdiction.  On June 10, 2026, the motion judge issued his findings of fact.[1]  We now affirm.

Background.  On May 20, 2024, the plaintiff obtained the 209A order, via emergency hearing, against the defendant, her seventeen year old daughter.  On May 24, 2024, following a two-party hearing, wherein the defendant was not represented by counsel,[2] a District Court judge extended the 209A order for two months to July 26, 2024.  This extension of the 209A order included a provision ordering the defendant to have no contact with her two younger siblings.  On June 21, 2024, following another two-party hearing, a different judge (motion judge) extended the 209A order for one year to June 20, 2025.[3]

On September 10, 2024, the defendant, who then was represented by counsel, moved to advance the case for a hearing on her motion to terminate the 209A order (motion to terminate) pursuant to Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 6:04 (Oct. 2021) (Judicial Guidelines), alleging a significant change in circumstances.  On September 27, 2024,

---

[1] We have received and reviewed the filings made by the parties following argument and remand.

[2] We also note that the plaintiff was not represented by counsel throughout the relevant proceedings.

[3] The 209A order had been modified on June 7, 2024.

following a two-party hearing, the motion judge terminated the 209A order.  The plaintiff timely appealed therefrom.

Discussion.  The plaintiff makes two principal arguments on appeal.  First, she argues that the defendant failed to demonstrate a significant change in circumstances that warranted the allowance of the motion to terminate the 209A order.  See MacDonald v. Caruso, 467 Mass. 382, 388 (2014) (defendant bringing motion to terminate abuse prevention order "bears the burden of proving a significant change in circumstances since the entry of the order that justifies termination of the order").  Relatedly, she argues that the motion judge terminated the order based on inappropriate considerations.  See Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 781 (2005) (abuse prevention order should be set aside only if "order is no longer needed to protect the victim from harm or the reasonable fear of serious harm").  We review the termination of an abuse prevention order for abuse of discretion.  See MacDonald, supra at 391; Mitchell, supra at 777.

In the present case, the defendant provided evidence that the motion judge could have found to constitute a significant change in circumstances.  First, the defendant provided evidence that she had moved out of the plaintiff's home and was living with her father.  In view of the plaintiff's repeated concerns that she articulated to justify the issuance of the 209A order -

3

- e.g., that she was "not feeling safe in [her] own home," she was "afraid to leave [the defendant] in [the] home alone," and she was afraid to live in her own home with the defendant -- this changed circumstance was indeed significant. Second, the defendant provided evidence that she had graduated from the school that she had attended with her siblings. This change diminished the risk of her having contact with her siblings, with whom, as noted above, the defendant was required to have no contact under the terms of the 209A order. Thus, this evidence could also have been viewed as a significant change in circumstances.[4] Accordingly, we disagree with the plaintiff's claim that the defendant failed to provide sufficient evidence to demonstrate a significant change in circumstances.[5]

---

[4] In his findings of fact on remand, the motion judge found, inter alia, that the defendant had moved out of the residence where she had lived with the plaintiff and had no intention of returning to live with the plaintiff or with the defendant's siblings; that the plaintiff called a particular university that the defendant was considering attending to inquire about the defendant having a restraining order (and the motion judge did not credit the plaintiff's claim that she did so anonymously); that a criminal case against the defendant was dismissed for lack of probable cause and not because the plaintiff did not appear; that the plaintiff's claim that she had no animosity toward the defendant for choosing to live with the father was not credible; and that "it is clear after the hearing that this was not a restraining order based on fear but animosity."

[5] To be sure, the plaintiff disputes the defendant's view of the facts (including the defendant's claim that it was a "change" that she had moved out of the plaintiff's home) and contends that there was no change in circumstances. She further argues that the motion judge already was aware that the

4

Second, the plaintiff argues that the motion judge failed to make requisite findings of fact. As noted above, in the circumstances of this case, we agree. See Mitchell, 62 Mass. App. Ct. at 781 ("if the judge determines that it is appropriate to allow a motion to vacate or terminate a c. 209A order, the decision should be supported by findings of fact"). See also Judicial Guidelines § 6:04 ("judge must make findings of fact on the record" on motion to terminate abuse prevention order). Here, the motion judge did not make findings of fact on the record, and thus we determined that a remand was required. We stayed the proceedings pending receipt of the motion judge's findings. Having received and reviewed those findings, we now affirm. As discussed above, the motion judge was in the best position to make findings of fact and determinations of credibility, and we cannot say that they are clearly erroneous. On the contrary, his relevant findings and determinations are supported by the evidence in the record.[6] See note 4, supra.

---

defendant no longer lived with her. That determination, however, was for the motion judge to make in the first instance, and we review the judge's factual findings for clear error. See Diaz v. Gomez, 82 Mass. App. Ct. 55, 62 (2012). In addition, we afford credibility determinations of the motion judge the utmost deference. See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

[6] The plaintiff's motion to strike the judge's factual findings in their entirety is denied. As the defendant concedes, two of the judge's findings contain mistakes; however,

5

The motion judge's findings adequately support his determination that the defendant demonstrated significant changes in circumstances, see MacDonald, 467 Mass. at 388, such that a 209A order "is no longer needed to protect the victim from harm or the reasonable fear of serious harm."  Mitchell, supra. Accordingly, we discern no abuse of discretion.

Order terminating abuse
  prevention order affirmed.

By the Court (Massing,
  Neyman & Smyth, JJ.[7]),

Clerk

Entered:  July 27, 2026.

---

those mistakes are not material to our analysis or the outcome that we reach.

[7] The panelists are listed in order of seniority.